UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GALINA LEVCHYK, et al.<br><br>Plaintiffs,<br><br>v.<br><br>BMW OF NORTH AMERICA LLC,<br><br>Defendant. | Case No. C22-1703RSM<br><br>ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |

This matter comes before the Court *sua sponte*. Defendant removed from Snohomish County Superior Court on December 1, 2022. On December 14, the Court ordered the parties to submit a joint status report by January 24, 2023. Dkt. #6. A status report was submitted by Defendant on January 25 with no input from Plaintiffs. Dkt. #8. Plaintiffs' counsel subsequently filed initial disclosures with the Court, indicating an awareness of these proceedings. Dkt. #9. On March 23, 2023, the Court issued a Minute Order pointing out Plaintiffs' failure to participate in the Court-ordered joint status report and noting that Plaintiffs' counsel has not yet been admitted to the Western District of Washington. The Minute Order then states:

> Per LCR 83.1(d), if an out of state attorney would like to appear Pro Hac Vice (PHV) in a case, the attorney first must obtain local counsel and an application to appear PHV must be submitted.
>
> Accordingly, Plaintiff is now ORDERED TO SHOW CAUSE on or before Monday, April 3, 2023, why this action should not be dismissed for failure to comply with the Court's Order and the

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE - 1

>      local rules regarding attorney admission. Absent a timely response
>      to this Minute Order, the case WILL BE DISMISSED without
>      prejudice.

*Id*. at 1–2.  Plaintiffs have failed to file a timely response to this Minute Order or otherwise communicate with the Court.

Rule 41(b) allows district courts to dismiss an action for failure to prosecute or to comply with rules or a court order.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a district court's "power to [dismiss an action for failure to prosecute] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the calendars of the district courts); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (explaining that "courts may dismiss under Rule 41(b) sua sponte" for a plaintiff's failure to prosecute or comply with the court's orders or the Federal Rules of Civil Procedure); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow a district court's local rules is a proper ground for dismissal). Rule 41(b) requires a plaintiff to prosecute their case with "reasonable diligence" if a plaintiff is to avoid dismissal.  *Moore v. Telfon Commc'ns Corp.*, 589 F.2d 959, 967 (9th Cir. 1978) (quoting *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).  Where a court considers dismissal as a remedy for failure to prosecute, the court is to consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

Plaintiffs' failure to communicate with opposing counsel or to obtain local counsel, and subsequent failure to respond to the Court's Minute Order or to communicate with the Court has

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE - 2

led to the conclusion that they are no longer interested in pursuing this lawsuit. This case cannot be resolved without the participation of Plaintiffs, and the Court is convinced that no lesser sanction would be appropriate.

Having considered the entire record, the Court hereby finds and ORDERS that this case is DISMISSED without prejudice.

DATED this 13th day of April, 2023.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE